UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TAMRA S.,

                        Plaintiff,

v.                                                                   CASE # 20-cv-01712

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER<br>  Counsel for Plaintiff<br>6000 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | ANTHONY ROONEY, ESQ.<br>KENNETH R. HILLER, ESQ.<br>IDA COMERFOD, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | DANIELLA M. CALENZO, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **GRANTED**, defendant's motion is **DENIED**, the decision of the Commissioner is

**REVERSED**, and this matter is **REMANDED** for further administrative proceedings consistent with this order.

I.  **RELEVANT BACKGROUND**

   A.  **Factual Background**

Plaintiff[1] was born on July 10, 1979, and has a high school education. (Tr. 188, 217). Generally, plaintiff's alleged disability consists of seizures, memory loss, and back issues (Tr. 212). Her alleged onset date of disability is January 15, 2014, and her date last insured was March 31, 2016. (Tr. 208).

   B.  **Procedural History**

On February 16, 2018, plaintiff protectively applied for Supplemental Security Income benefits under Title XVI of the Social Security Act and Disability Insurance Benefits under Title II of the Social Security Act. (Tr. 184-186). Plaintiff's applications were denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On May 3, 2019, plaintiff appeared before ALJ Ellen Bush. (Tr. 36-95). On November 19, 2019, ALJ Bush issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-31). On September 19, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

   C.  **The ALJ's Decision**

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2016.

2. The claimant has not engaged in substantial gainful activity since January 15, 2014, the alleged onset date (20 CFR 404.1571 *et seq* and 416.971 *et seq*.).

---

[1] Due to death of plaintiff during pendency of a decision, a party substitution was requested and granted.

3. From the alleged onset date of January 14, 2014 through the date last insured of March 31, 2016, the claimant had the following severe impairments: a somatoform disorder as evidenced by pseudoseizures, a history of opiate dependence, a history of migraines, an anxiety disorder, and degenerative joint disease of the right hip.

   From the supplemental security income application date of February 16, 2018 through the date of this decision, the claimant also has the following severe impairments: pseudoseizures, a personality disorder, a mood disorder, mild degenerative disc disease of the back, and degenerative joint disease of the right femoral neck (20 CFR 404.1520(c) and 416.920 (c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526, 416.920(c), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently and sit, stand and/or walk for a total of 6 hours per day. She can frequently stoop or crouch. She cannot climb ladders, ropes or scaffolds. She cannot work in environments with high temperatures or perform work around unprotected heights, machinery with external moving parts, sharp instruments, or large bodies of water. She cannot drive for work-related tasks. She can perform work activity with few and infrequent changes to task. She can have brief, superficial interaction with coworkers and supervisors, but cannot work with the general public or perform team or tandem work.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565and 416.965).

7. The claimant was born on July 10, 1979 and was 34 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a, 416.969, and 416.969a).

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from January 15, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 12-31).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff first argues that the ALJ erred in his consideration of Dr. Lee's opinion. (Dkt. No. 11 at 2 [Pl.'s Mem. of Law]). Second, plaintiff asserts the ALJ erred in evaluating the plaintiff's subjective complaints. (*Id*. at 18). Plaintiff filed a reply brief in further support of her motion for judgement on the pleadings. (Dkt. No. 13).

### B.     Defendant's Arguments

Defendant responds that the ALJ properly determined plaintiff's RFC as well as considered plaintiff's subjective complaints. (Dkt. No. 12 at 7, 19 [Def.'s Mem. of Law]).

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.   Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

5

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV.   ANALYSIS

Plaintiff argues the ALJ erred in her evaluation of the opinion from Dr. Lee, an internist who performed a consultative exam on April 10, 2018. Although plaintiff had a normal gait and full squat, Dr. Lee noted that she had abnormal range of motion in the lumbar spine and a positive straight leg raise test on the right. (Tr. 1248-49). Dr. Lee opined plaintiff had moderate limitations in standing, sitting, climbing, bending, lifting and should avoid known headache triggers. (Tr. 1246-50). The ALJ described the opinion of Dr. Lee as "persuasive in some respects and not persuasive in others", finding that the moderate limitations referenced by Dr. Lee were vague. (Tr. 28). Plaintiff argues the ALJ's analysis was not sufficient. The Court agrees.

The revised regulations significantly alter how the agency considers medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. In evaluating claims filed March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) or prior administrative medical finding(s) using five factors, the most important of which are supportability and consistency. 20 C.F.R. § 404.1520c(a)-(c). "Supportability" is the amount of objective medical evidence presented by the source; and "consistency" is referring to the

consistency between the opinion and other medical and nonmedical sources. 20 C.F.R. § 416.920c(c)(1)-(2).

Here, the ALJ noted Dr. Lee assessed limitations for activities involving prolonged standing and sitting while summarizing the opinion but did not address those limitations when discussing persuasiveness factors. (Tr. 26, 28, 1250). While an ALJ is not required to reconcile every shred of medical testimony, and there is no bar to crediting only portions of a medical source statement, when the ALJ's RFC assessment conflicts with a valid medical opinion, they must explain why the opinion was not adopted. *Chmura v. Berryhill*, 2017 WL 1829728 at *3 (W.D.N.Y. 2017). Although found only partly persuasive, the failure to explain how a "somewhat persuasive" opinion informed the RFC assessment is in error. *Elvis P. v. Saul*, 2021 WL 870475 at *17 (D.S.C. 2021). ALJ Bush did not address all the limitations in the medical opinion but rather pick and chose without explaining her rationale. The ALJ found Dr. Lee's opinion partly persuasive, and partly unpersuasive, however stating that moderate limitations were not specific enough is inadequate to explain the ALJ's rationale. (Tr. 28).

The ALJ determined that the plaintiff could perform light work as defined, with sitting, standing, and walking for up to six hours per day, among other limitations. (Tr. 21). "Light work" is defined as lifting no more than twenty pounds at a time, with frequent lifting and carrying of up to ten pounds; however even if the weight lifted is very little a job which requires a "good deal" of walking or standing is still light work. SSR 83-10, 1983 WL 31251 at *5 (SSA 1983). Indeed, a "moderate" limitation to standing and walking is not necessarily consistent with an RFC for light work. *Sundown v. Colvin*, 2018 WL 1081014 at *4 (W.D.N.Y. 2018), *citing Moe v. Colvin*, 2017 WL 6379239 at*6 (W.D.N.Y. 2017); *Carroll v. Colvin*, 2014 WL 2945797 at *4 (W.D.N.Y. 2014). Although a "moderate" limitation does not necessarily preclude light work, the ALJ must

demonstrate that a plaintiff can sit, stand, or walk for at least six hours per day with other substantial evidence. *Cooper v. Saul*, 444 F.Supp.3d 565, 580 (S.D.N.Y. 2020), distinguishing *Harrington v. Comm'r*, 2015 WL 790756 at *15 (W.D.N.Y. 2015). Further, an assessment of moderate limitations suggests a possibility that prolonged standing may pose a problem. *Malone v. Comm'r*, 2011 WL 817488 at *10 (N.D.N.Y. 2011).

The only other opinion addressing plaintiff's physical abilities was from Dr. Shukla. (Tr. 28). In May 2018, State agency consultant, Dr. G. Shukla, opined plaintiff was capable of a range of medium work. (Tr. 32, *see* Tr. 107-09). The ALJ found the opinion to not be persuasive. (Tr. 28). Defendant's argument that the ALJ found greater restrictions than opined by Dr. Shukla is substantial evidence because she found an RFC with greater limitations is unavailing. Indeed, there is also diagnostic imaging evidence of only mild changes in the hip and lumbosacral spine (Tr. 1189, 1201), but an ALJ is not qualified to rely on only raw medical data to determine plaintiff's limitations or craft an RFC. *Henderson v. Berryhill*, 312 F. Supp. 3d 364, 371 (W.D.N.Y. 2018) (holding ALJ was not permitted to rely on treatment notes to craft an RFC after rejecting medical opinions). In sum, the ALJ did not identify which parts of Dr. Lee's opinion were found to be persuasive and which were not persuasive and failed to discuss the supportability or consistency factors in the brief three sentence analysis of the decision.

Because it has been found remand is otherwise warranted, the remainder of plaintiff's contentions are declined for review. *See generally Siracuse v. Colvin,* 2016 WL 1054758, *9 (W.D.N.Y. 2016).

**ACCORDINGLY, it is**

ORDERED that plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is

GRANTED; and it is further

ORDERED that defendant's motion for judgment on the pleadings (Dkt. No. 12) is DENIED; and it is further

ORDERED that this matter is REMANDED pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: October 6, 2022                            _J. Gregory Wehrman_
Rochester, New York                            HON. J. Gregory Wehrman
                                                     United States Magistrate Judge